UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALBERT WILKERSON                                           CIVIL ACTION

VERSUS                                                     NO. 05-2808

DOMINICK'S SEAFOOD INC., ET AL                             SECTION "C" (4)

ORDER AND REASONS

This matter comes before the Court on motion to transfer filed by the defendants, Dominick's Seafood, Inc. and Miss Ashleigh, Inc.   Having considered the record, the memoranda of counsel and the law, the Court has determined that a transfer is appropriate for the following reasons.

The plaintiff, Albert Wilkinson, filed this admiralty suit against the defendants alleging claims under the general maritime law, Jones Act and La. Civ. Code art. 2315 for injuries allegedly sustained on board the M/V MISS ASHLEIGH on navigable waters off the Mississippi coast.  After this motion was filed, the plaintiff filed an amended complaint alleging that the accident took place aboard the vessel on navigable waters off the Louisiana shore. Because all of the parties are Alabama domiciliaries, the defendants move for transfer based on

1

improper venue under 28 U.S.C. § 1391.[1]   The plaintiff opposes the motion based on the argument that because the accident occurred on the boat on "Louisiana OCS waters" based on certain calculations that indicate the location of the vessel was slightly closer to Louisiana's coast than Alabama's, along with the possibility that the New Orleans unit of the Coast Guard exercised jurisdiction in the area of the alleged accident, rather than theMobile unit.

The Court is somewhat confused by the argument presented by the plaintiff and the significance that has been attached to the proximity of Alabama or Louisiana to the location of the vessel at the time of the accident.  Unlike the cases of Snyder Oil Corp. v. Samedan Oil Corp., 208 F.3d 521 (5th Cir. 2000) and Pittencrieff Resources, Inc. v. Firstland Offshore Exploration Co., 942 F.Supp. 271 (E.D.La. 1996),  jurisdiction in this matter is based on the general maritime law and the Jones Act, not the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, *et seq.* ("OCSLA).   In addition, this is not a case where a choice of law provision in a contract is relevant.[2]   The Court has not been presented with caselaw supportive of the

---

[1]  Section 1391 provides:
A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise  provided by law, be brought only in (1) a judicial district where any defendant resides,  if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

[2]  The OCSLA  adopts state law as surrogate federal law if the controversy arises on a situs covered by the OCSLA, if federal maritime law does not apply of its own force and if the state law is not inconsistent with federal law; it does not apply to a federal maritime tort.   Strong v. B. P. Exploration & Production, Inc., 440 F.3d 665 (5th Cir. 2006).   In addition, OCLSA generally applies to "the subsoil and seabed " and to certain "artificial islands ...installations and other devices," not vessels.  43 U.S.C. § 1333(a)(1);  Demette v. Falcon Drilling Co. , 280 F.3d

proposition that the proximity of the maritime tort to a given state is relevant under Section 1391.

In addition, there is authority for the legal proposition that the Jones Act establishes special venue requirements: "Jurisdiction is such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." 46 U.S.C. § 688(a). This corporate residence incorporates 28 U.S.C. § 1391(c) in that venue is expanded to include districts in which the defendant is incorporated, licensed to do business or doing business. Pure Oil Co. v. Suarez, 384 U.S. 202 (1966); Davis v. Hill Engineering, Inc., 549 F.2d 314, 320 (5th Cir. 1977)(J. Wisdom).

In any event, even if the Court were to undertake an analysis under 28 U.S.C. § 1404(a), transfer is appropriate. Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The defendant bears the burden on this showing, and has presented solid support for the proposition that Alabama is a more convenient forum in light of the parties' residences. Consideration of the private and public interest factors articulated by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947) yields the same result.[3]

---

492 (5th Cir. 2002).

[3] These *forum non conveniens* factors are instructive in considering motions filed under Section 1404(a). Those private factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) the possibility of view of the premises, if view would be appropriate; (4) all other practical considerations that make trial easy, expeditious and

Accordingly,

IT IS ORDERED that the motion to transfer filed by the defendants, Dominick's Seafood, Inc. and Miss Ashleigh, Inc. is GRANTED. This matter is hereby TRANSFERRED to the United States District Court for the Southern District of Alabama for further proceedings.

New Orleans, Louisiana, this 23rd day of May, 2006.

                                        HELEN G. BERRIGAN
                                      UNITED STATES DISTRICT JUDGE

---

inexpensive. The public factors include: (1) administrative difficulties resulting from court congestion; (2) the local interest in having localized controversies decided at home; (3) the avoidance of unnecessary problems in conflict of laws; and (4) the unfairness of burdening citizens in an unrelated forum with jury duty. Norwood v. Kirkpatrick, 349 U.S. 29 (1955); 5B Wright & Miller, 5B *Fed. Practice & Procedure: Civil* § 1352 (West).